MAGNUM IMPORT COMPANY, INC., *v.* COTY.

COHN, TRADING AS MACLEN IMPORT COMPANY, *v.* COTY.

BAUM ET AL., TRADING AS BEAUTEX COMPANY, *v.* COTY.

IVORY NOVELTIES TRADING COMPANY, INC., *v.* COTY.

MAGNUM IMPORT COMPANY, INC., *v.* HOUBIGANT, INC.

PETITIONS FOR ORDERS, PENDING APPLICATIONS FOR CERTIORARI, SUSPENDING DECREES OF THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 978, 979, 980, 982, 981. Argued on return to rule to show cause April 16, 17, 1923.—Decided May 7, 1923.

1. Under Jud. Code, § 262, this Court has power to suspend or modify an interlocutory or final decree of the Circuit Court of Appeals, which is reviewable under § 240 by certiorari, pending the disposition of a petition filed here for the issuance of that writ. P. 162.

2. The jurisdiction to bring up cases from the Circuit Court of Appeals by certiorari was given for the two purposes of securing uniformity of decision in the circuits and of having questions of importance decided by this Court when desirable in the public interest,—not for the purpose of giving the defeated party another hearing. P. 163.

3. An application to suspend a judgment of the Circuit Court of Appeals, pending disposition of a petition for certiorari here, should be first made to that court, which is free to determine it upon its own view of the likelihood of a certiorari being granted and of the balance of convenience. P. 163.

4. If the application be refused by that court, a stay will be granted here, pending the application for certiorari, only upon an extraordinary showing, and, even after certiorari has been granted, only in a clear case and upon a decided balance of convenience. P. 164.

Petitions denied.

APPLICATIONS for orders to suspend interlocutory decrees of the Circuit Court of Appeals pending petitions for certiorari.

*Mr. Charles H. Tuttle,* with whom *Mr. Isaac Reiss* and *Mr. William J. Hughes* were on the briefs, for petitioners.

*Mr. Asher Blum,* with whom *Mr. Hugo Mock* was on the briefs, for Coty, respondent.

*Mr. George S. Hornblower,* with whom *Mr. Lindley M. Garrison* and *Mr. Raoul E. Desvernine* were on the brief, for Houbigant, Inc., respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

All these cases involve the question how far the purchasers of perfumes made by manufacturers whose perfumes have gained a high reputation with the public may use the name and trade-mark of such manufacturers in rebottling or repacking and selling them when, as claimed by the manufacturers and owners of the trade-mark, the process of rebottling and repacking injures the perfumes and impairs the value of the trade-mark and the reputation of the manufacturers. In a case presenting a similar question, to wit, *Prestonettes, Inc.* v. *Coty,* 260 U. S. 720, this Court granted a writ of certiorari, and applications in the above entitled cases are now pending. They are also before us on petitions praying that this Court issue orders suspending the operation of the decrees of the Circuit Court of Appeals and that, pending the applications for certiorari in this Court, we restore the temporary injunctions of the District Court which the Circuit Court of Appeals enlarged.

The District Court found that the defendants in all these cases were infringing the rights of the complainants in their trade-marks and the use of their trade names,

but thought it sufficient to permit the defendants to continue their rebottling and repacking of complainants' perfumes and powders if in the form in which resold, the bottles or boxes bore a legend reciting all the facts and not giving any more prominence to the fact that these were complainants' perfumes or powders than to the fact that they had been rebottled and repacked by defendants. The Circuit Court of Appeals found that such rebottling and repacking as done by defendants so impaired the delicate odors and qualities of the perfumes and powders that it unlawfully injured the right of the complainants in their trade-marks and business, that such rebottling and repacking and resale with the use of the original manufacturer's trade-mark and name were a violation of a criminal statute of the State of New York, that the proposed inspection of defendants' rebottling and repacking with a view to preserving the excellence of the perfumes and powders would entail such expense and burden upon complainants as to be impracticable, and that the only complete and satisfactory remedy to which complainants were entitled was an injunction against the use of the complainants' trade-marks or names upon the rebottled or repacked articles for sale, and the temporary injunctions granted by the District Court were accordingly modified and the case was remanded to the District Court for final hearing. Applications were then made to the Circuit Court of Appeals to stay the mandate and to grant an application upon proper bond to suspend its modification of the District Court's orders until applications for certiorari and motions for a suspending order could be made to this Court. After full consideration, these motions were denied by the Circuit Court of Appeals, its mandate has gone down and the injunctions as enlarged by it are now in force. Meantime these applications for certiorari have been made here, and in ad-

vance of our consideration of them in due course, motions for the suspension of the orders of the Circuit Court of Appeals have been presented to us on affidavits and heard, and are now to be decided.

It is objected for Houbigant, Inc., one of the respondents in these petitions for certiorari, that this Court has no jurisdiction to suspend the operation of the order or decree of the Circuit Court of Appeals pending a petition for certiorari and before it is granted.  The cases of *In re Massachusetts,* 197 U. S. 482, *In re Glaser,* 198 U. S. 171, and *McIntire* v. *Wood,* 7 Cranch, 504, are cited to this point. They are wholly without application.  The first two were cases pending in inferior courts which, under the Constitution and the statutes of the United States, could never, by any possibility, come within the jurisdiction of this Court.  The third case was one of an application to a Circuit Court for the issuing of a mandamus to the register of the land office to compel him to issue a final certificate of purchase of land to the relator.  This Court found that, under the statute, the Circuit Court was not given original power to issue a mandamus in such a case when not necessary or ancillary to the exercise of its jurisdiction otherwise conferred.

Under § 262 of the Judicial Code this Court is given power to issue all writs not specifically provided for by statute which may be necessary for the exercise of its jurisdiction, and agreeable to the usages and principles of law.  Here the jurisdiction of this Court to grant the application for certiorari already made and pending is conferred by § 240 of the Judicial Code.  That section provides that in any case, civil or criminal, in which the judgment or decree of the Circuit Court of Appeals is made final, it shall be competent for this Court by certiorari upon the petition of a party thereto to bring the case here for review as if it had come by error or appeal. By § 128 of the Judicial Code, as amended by the Act of

Jan. 28, 1915, c. 22, § 2, 38 Stat. 803, the judgment or decree of the Circuit Courts of Appeals is made final in trade-mark cases. Hence, if in its discretion, this Court conceives that upon the showing made it should order the suspension or modification of a judgment or decree of the Circuit Court of Appeals, interlocutory or final, to preserve or secure a status of the case for the full and satisfactory exercise of its reviewing power over. it, it may make the necessary order of suspension or modification upon such terms as seem equitable upon the filing of the petition for certiorari and pending its disposition. So much on the question of the power.

The question how the Court should exercise this power next arises. The jurisdiction to bring up cases by certiorari from the Circuit Courts of Appeals was given for two purposes, first to secure uniformity of decision between those courts in the nine circuits, and second, to bring up cases involving questions of importance which it is in the public interest to have decided by this Court of last resort. The jurisdiction was not conferred upon this Court merely to give the defeated party in the Circuit Court of Appeals another hearing. Our experience shows that eighty per cent. of those who petition for certiorari do not appreciate these necessary limitations upon our issue of the writ. When, therefore, after the petition is filed and before its submission, an application is made for a suspension of the judgment or decree of the Circuit Court of Appeals, a heavy burden rests on the applicant.

The petition should, in the first instance, be made to the Circuit Court of Appeals which with its complete knowledge of the cases may with full consideration promptly pass.on it. That court is in a position to judge first whether the case is one likely under our practice to be taken up by us on certiorari, and second, whether the balance of convenience requires a suspension of its decree and a withholding of its mandate. It involves no dis-

respect to this Court for the Circuit Court of Appeals to refuse to withhold its mandate or to suspend the operation of its judgment or decree pending application for certiorari to us. If it thinks a question involved should be ruled upon by this Court, it may certify it. If it does not certify, it may still consider that the case is one in which a certiorari may properly issue, and may in its discretion facilitate the application by withholding the mandate or suspending its decree. This is a matter however wholly within its discretion. If it refuses, this Court requires an extraordinary showing, before it will grant a stay of the decree below pending the application for a certiorari, and even after it has granted a certiorari, it requires a clear case and a decided balance of convenience before it will grant such stay. These remarks, of course, apply also to applications for certiorari to review judgments and decrees of the highest courts of States.

Coming now to the circumstances presented on the inquiry before us, we find nothing to justify our granting the motion. It is clear that the Circuit Court of Appeals gave full consideration to a similar motion and with a much fuller knowledge than we can have, denied it. As we have said, we require very cogent reasons before we will disregard the deliberate action of that court in such a matter. We have read the affidavits and we do not find that the petitioners have, in the light of what we have said, made a case for the suspension of the order. On the contrary, the weight of the evidence is clearly with the respondents.

*The petitions are denied.*