**Steve KOZMAN, Plaintiff,**

v.

**TRANS WORLD AIRLINES, Inc.,
Defendant,**

and

**Allied Maintenance Corporation,
Third-Party Defendant,**

and

**Allied Cleaning Contractors, Inc.,
Fourth-Party Defendant.**

United States District Court
S. D. New York.

Sept. 26, 1956.

Max J. Miller, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant Trans World Airlines, Inc.

Mendes & Mount, New York City, for third-party defendant fourth-party plaintiff.

Bernard Katzen, New York City, for fourth-party defendant.

SUGARMAN, District Judge.

Plaintiff recovered judgment in an action for personal injuries brought by him against Trans World Airlines, Inc. Said defendant recovered judgment on its third party complaint against Allied Maintenance Corporation which in turn was successful in prosecuting its fourth party action against Allied Cleaning Contractors, Inc.

The fourth party defendant moves, (Motion 22) "for an order staying execution of any proceedings to enforce the judgments entered in this action on the 5th day of December, 1955, and staying any proceedings to enforce the mandate of the Circuit [sic] Court of Appeals entered on the 27th day of August, 1956 affirming the aforesaid judgment [236 F.2d 527] on the ground that it is fourth-party defendant's bona fide intention to petition the Supreme Court of the United States for a writ of certiorari to the Circuit [sic] Court of Appeals and any proceedings to enforce the judgment and mandate will result in irreparable injury to the fourth-party defendant."

The third party defendant makes a similar motion (Motion 51) upon moving papers using almost identical language.

The defendant also moves (Motion 58) for similar relief but does not indicate any intention of seeking *certiorari* in the Supreme Court as do the other movants.

A district court's power to stay proceeding to enforce a judgment pending an appeal is provided in Federal Rules of Civil Procedure, rules 62 and 73, 28 U.S.C.A. These rules make no mention of a stay pending an application for *certiorari* to the Supreme Court. In United States v. El-O-Pathic Pharmacy, 9 Cir., 192 F.2d 62, at page 79 it was said:—"It is of course generally the rule that when an appeal is perfected the district court loses jurisdiction to take further action in the cause * * *". Is that jurisdiction restored upon the coming into the district court of the Court of Appeals mandate; at least to permit a stay of execution pending an application to the Supreme Court for *certiorari*? I think not.

The statutory basis for a stay pending an application for a writ of certiorari is contained in 28 U.S.C.A. § 2101(f) which provides that "[T]he stay may be granted by a judge of the court *rendering the judgment or decree* * * *." (Emphasis supplied.)

The Supreme Court Rule 27, 28 U.S.C.A. governing applications pursuant to said statute provides that an application for a stay to a Justice of that Court will not be entertained unless there first be made an "application for a stay * * * to a judge of the court *rendering the decision* sought to be reviewed", (Emphasis supplied.)

The language in both the statute and Supreme Court rule which govern applications of this nature indicates that the Court of Appeals is the forum in which relief should be sought, not the district court.

Under Rule 28 of the Rules of the Court of Appeals for the Second Circuit the clerk may not issue a mandate, as of course, until the expiration of fifteen

days from the filing of the opinion of the Court of Appeals. By Subdivision (c) of said Rules 28 an application to stay the mandate pending an application for *certiorari* "shall be made *only* to this court", i. e. the Court of Appeals. In the case at bar no such application was made within the fifteen day period. The parties permitted the period to elapse so that the Court of Appeals mandate came down to this court and in due course was made the judgment of this court. The parties now seek that this court stay execution of that judgment until resolution of an intended application for *certiorari*. A stay of execution is different from a stay of mandate but the end result is the same.

Since Oceanic Steam Navigation Co. v. Watkins, 2 Cir., 188 F. 909, the procedure followed in the case at bar has been generally accepted as proper. In that case by a *per curiam* opinion on a motion for reargument, it was stated that "[I]nasmuch as the mandate has gone to the Circuit Court, [now the district court] application for a stay to allow plaintiff in error to apply for certiorari should be made there."

However, twelve years later the Supreme Court said in Magnum Import Co., Inc., v. Coty, 262 U.S. 159, at page 163, 43 S.Ct. 531, at page 532, 67 L.Ed. 922 "[T]he petition should, in the first instance, be made to the Circuit Court of Appeals which with its complete knowledge of the cases may with full consideration promptly pass on it. That court is in a position to judge first whether the case is one likely under our practice to be taken up by us on certiorari, and second, whether the balance of convenience requires a suspension of its decree and a withholding of its mandate."

Judge Rippey, in 1935, in Nelson v. Lewis, D.C.W.D.N.Y., 9 F.Supp. 406, 408, observed "[A]pplication for the writ of certiorari must be made to the Supreme Court, but application for a stay should be made, in the first instance, to the Circuit Court of Appeals." He relied on the Magnum decision.

On the other hand, in Keyes v. United States Fidelity & Guaranty Co., D.C.S.D. Fla., 44 F.Supp. 723, 724, the district judge indicated that Magnum was no longer the law since an amendment of the statute and specifically announced the doctrine that a "stay of enforcement of a judgment pending application for a writ of certiorari properly may be made in this [the district] Court." However, because of facts peculiar to that case, he declined to exercise that jurisdiction and referred the applicant to the Court of Appeals.

A month later, in Fidelity & Deposit Co. of Maryland v. Davis, 4 Cir., 127 F. 2d 780, the Court of Appeals for the Fourth Circuit passed upon the validity of a bond ordered by a district judge as a condition for the stay of proceedings pending an application for a writ of certiorari to the Supreme Court. Although the Court of Appeals did not squarely decide whether the district court had jurisdiction to issue the stay and require the bond it can be fairly said that had there been any question in the Court's mind of that authority it undoubtedly would have been discussed.

A New York State Justice followed the Keyes and Oceanic cases in Filardo v. Foley Bros., Inc., 191 Misc. 671, 78 N. Y.S.2d 689.

In the light of the unequivocal language of the appropriate statute and Supreme Court rule and what was said in the Magnum and Nelson cases, I doubt that a district court has jurisdiction to grant the stay sought herein.

To hold otherwise would permit a district judge whose decision has been reversed by a Court of Appeals to stay execution of the judgment pending an application for *certiorari*, even after a stay of the Court of Appeals mandate had been denied.

Because of the apparent conflict the Court of Appeals of this circuit should determine anew what procedure is proper.

The motions are therefore denied but without prejudice to (1) an application

by the movants to the Court of Appeals for recall of its mandate and (2) application to that court for a stay of said mandate pending determination of movants' intended application for *certiorari*.

It is so ordered.