**In re Norman STUMES, Petitioner.**

No. 82–1609.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1982.

Decided June 22, 1982.

Timothy J. McGreevy, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., for petitioner.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and HARRIS,* Senior District Judge.

PER CURIAM.

The motion of petitioner for leave to proceed in forma pauperis is granted.

■ Petitioner seeks a writ of mandamus to review an order of the District Court staying the execution of this Court's mandate pending action by the Supreme Court of the United States on a petition for a writ of certiorari filed by respondent Herman Solem. The District Court's order entered on May 10, 1982, relies on 28 U.S.C. Section 2101(f) as authority for its ruling. We are not persuaded that Section 2101(f) grants the District Court this authority. The statute provides that in any case in which the final judgment of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari. The statute further provides that the stay "may be granted by a judge of the court rendering

* The Hon. Oren Harris, Senior United States District Judge for the Eastern and Western

the judgment or decree or by a justice of the Supreme Court . . . ." It appears, therefore, that only a judge of this Court, or a justice of the Supreme Court, is empowered by 28 U.S.C. Section 2101(f) to stay the execution or enforcement of this Court's judgment. Respondent Solem could have applied to this Court for a stay of its mandate, but he did not do so, and this Court's mandate issued on April 23, 1982.

■ We are nevertheless of the opinion that relief by mandamus would be inappropriate in the circumstances of this case. This Court's opinion, filed on March 1, 1982, did not direct the District Court to issue a writ of habeas corpus unconditionally. Our order was that the writ be issued "discharging Stumes from custody unless the State commences proceedings to try him again within such reasonable time as the District Court may fix." *Stumes v. Solem*, 671 F.2d 1150 (8th Cir. 1982). The District Court's stay order of May 10, 1982, in effect does no more than hold that the reasonable time within which Stumes should be retried should be determined with the fact in mind that the State has applied for review in the Supreme Court. The District Court, in other words, seems to have taken the view that it would be unreasonable to release petitioner, or to require that the State begin to try him again, before the Supreme Court has acted on the State's petition. Certainly this is not an unreasonable view, and we are not prepared to say that the District Court abused its discretion, though, as indicated above, we cannot agree with its reliance upon 28 U.S.C. Section 2101(f).

The State's petition for certiorari was filed on April 30, 1982. In the ordinary course, the Supreme Court can be expected to grant or deny the petition before the Court rises at the end of its present term, some time around the end of this month.

The petition for writ of mandamus is denied.

Districts of Arkansas, sitting by designation.