**STUDIENGESELLSCHAFT KOHLE, mbH, Plaintiff,**

v.

**NOVAMONT CORPORATION, Defendant,**

v.

**MAX–PLANCK–INSTITUT FUR KOHLENFORSCHUNG, Dr. Med. Marianne Witte and Dr. Erhart Ziegler, Heirs of Maria Ziegler, and Wilhelm Schmidtmann, Executor of the Estate of Maria Ziegler, Additional Defendants on Counterclaims.**

No. 77 Civ. 4722 (RWS).

United States District Court, S.D. New York.

Oct. 6, 1983.

See also D.C., 532 F.Supp. 234, 548 F.Supp. 234.

Sprung, Horn, Kramer & Woods, New York City, for plaintiff; Arnold Sprung, Nathaniel D. Kramer, New York City, of counsel.

Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendant; Christopher A. Hughes, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant Novamont Corporation ("Novamont") has moved pursuant to 28 U.S.C. § 2101(f) for an order staying the execution of the judgment entered in this action on August 12, 1983 pending the disposition of Novamont's petition to the Supreme Court for a writ of certiorari to our Court of Appeals with respect to its decision in this action. Defendant Studiengesellschaft Kohle m.b.H. ("SGK") opposes the motion. For the reasons stated below, the motion will be denied.

The facts of this case are fully set forth in this court's opinion rendered after trial,

518 F.Supp. 557 (S.D.N.Y.1981), and the opinion of the Court of Appeals affirming in part and reversing and remanding in part, 704 F.2d 48 (2d Cir.1983). Following the Second Circuit's decision, Novamont moved that court for an order staying the issuance of its mandate pending the filing of a petition for a writ of certiorari. The motion was denied by summary order dated June 13, 1983. The mandate subsequently issued to this court and this court entered final judgment on August 12, 1983. This motion followed on August 23, 1983. Novamont filed its petition for a writ of certiorari on September 1, 1983.

Novamont's motion to this court for a stay is made pursuant to 28 U.S.C. § 2101(f), which provides that "[i]n any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court." This section further provides, however, that such a stay "may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court ...." [1] The judgment sought to be reviewed in the Supreme Court is the judgment of the Court of Appeals as embodied in its opinion, not the judgment of this court. Thus, under the literal terms of section 2101(f), this court lacks jurisdiction to grant the relief requested.

It frequently happens in the law that a statute that appears unambiguous on its face is subjected to conflicting interpretations. Such is the case with section 2101(f) and its predecessors. For example, in

---

1. Section 2101(f) reads in its entirety:

   In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice

of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

*Keyes v. United States Fidelity & Guaranty Co.*, 44 F.Supp. 723 (S.D.Fla.1942), the district court held that the predecessor to section 2101(f), 28 U.S.C. § 350, authorized application to it for a stay pending certiorari, despite language identical to the current version. In *Fidelity & Deposit Co. of Maryland v. Davis*, 127 F.2d 780 (4th Cir. 1942), the court impliedly approved initial application for a stay to the district court when it rendered an opinion on an appeal from a judgment entered by the district court on a bond tendered to secure a stay pursuant to 28 U.S.C. § 350. In 1911, the Court of Appeals for the Second Circuit, in a two-sentence per curiam decision with no citation of statutory authority directed application for a stay to the district court. *Oceanic Steam Navigation Co. v. Watkins*, 188 F. 909 (2d Cir.1911). The opinion reads in its entirety:

> The motion for reargument is denied. Inasmuch as the mandate has gone to the Circuit [now District] Court, application for a stay to allow plaintiff in error to apply for certiorari should be made there.

The more recent, and more reasoned, authority holds that application should be made to the Court of Appeals. For instance, in *Kozman v. Trans World Airlines*, 145 F.Supp. 140 (S.D.N.Y.1956), the Honorable Sidney Sugarman of this court reviewed the relevant authority and concluded that the district court lacks jurisdiction to issue such a stay, relying in part on *Nelson v. Lewis*, 9 F.Supp. 406 (W.D.N.Y. 1935), in which the court noted that the "judgment or decree" referred to in 28 U.S.C. § 350 "is the final judgment of the Circuit Court of Appeals and not the judgment of the District Court upon the mandate." 9 F.Supp. at 408.

The Eighth Circuit reached a similar conclusion recently in *In re Stumes*, 681 F.2d 524 (8th Cir.1982). The district court had entered an order staying the execution of the court of appeals' mandate following resolution of the appeal. The Court of Appeals reviewed the language of section 2101(f) and concluded that it "appears" that only a judge of that court or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment.

This interpretation makes sense not simply because of the statutory language, but also in light of the standard for granting a stay. This involves a two-step process in which the court first determines whether a balance of the equities and the risk of irreparable injury favor a stay. If so, then the court must determine whether it is likely that the Supreme Court would grant certiorari. *See Buchanan v. Evans*, 439 U.S. 1360, 1361, 99 S.Ct. 28, 29, 58 L.Ed.2d 69 (1978); *Beame v. Friends of the Earth*, 434 U.S. 1310, 1312, 98 S.Ct. 4, 6, 54 L.Ed.2d 23 (1977). As noted by the Supreme Court in a case decided before the enactment of 28 U.S.C. § 350, the application for a stay should first be made to the court of appeals,

> which with its complete knowledge of the cases may with full consideration promptly pass on it. That court is in a position to judge first whether the case is one likely under our practice to be taken up by us on certiorari, and second, whether the balance of convenience requires a suspension of its decree and a withholding of its mandate.

*Magnum Import Co. v. Coty*, 262 U.S. 159, 163, 43 S.Ct. 531, 532, 67 L.Ed. 922 (1923). This court, by contrast, is not in a proper position to perform these analyses particularly where, as here, the judgment sought to be reviewed modified this court's initial determination. It is not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court. That function is properly performed, as contemplated by section 2101(f), by the court of appeals or the Supreme Court.

For the reasons stated above, this court concludes that it lacks jurisdiction to grant a stay pursuant to 28 U.S.C. § 2101(f). The motion is therefore denied.

IT IS SO ORDERED.