**Roger D. HOVATER, Plaintiff,**

v.

**EQUIFAX SERVICES, INC., Defendant.**

**No. CV–85–HM–5163–NW.**

United States District Court,
N.D. Alabama,
Northwestern Division.

Sept. 15, 1987.

Ralph M. Young, Gonce, Young & Westbrook, Florence, Ala., for plaintiff.

James C. Barton, J. Wm. Rose, Jr. and James C. Barton, Jr., Johnston, Barton, Proctor, Swedlaw & Naff, Birmingham, Ala., for defendant.

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The above entitled civil action is before the Court upon motion of Plaintiff Roger D. Hovater (Hovater) for entry of order staying dismissal of this case pending resolution of Plaintiff's bona fide intention to petition the Supreme Court of The United States for a writ of certiorari to the Eleventh Circuit Court of Appeals which on July 30, 1987 reversed the judgment of this Court in favor of Plaintiff and against Defendant Equifax Services, Inc. (Equifax) for defamation and for violations of the Fair Credit Reporting Act and remanded for entry of a judgment for Equifax, 823 F.2d 413.[1]

Upon consideration, the Court is of the opinion that Plaintiff's motion of entry of order staying dismissal of this case is due to be dismissed for the reason that this Court lacks jurisdiction to grant the relief requested.

Plaintiff's motion to this Court for a stay is necessarily made pursuant to 28 U.S.C. § 2101(f) which provides:

(f) In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

In effect, Plaintiff is moving this United States District Court to stay the mandate of the Eleventh Circuit Court of Appeals pending his filing of a petition for a writ of certiorari in the Supreme Court. While the issuance of the mandate places the case once again before this Court, the case is here for the sole and limited purpose of final entry of dismissal. The judgment sought to be reviewed in the Supreme Court is the judgment of the Court of Appeals in its July 30, 1987 opinion, not the judgment of this Court. Thus, under the literal terms of section 2101(f), this Court lacks jurisdiction of Hovater's motion. Moreover, it is not an appropriate function for this Court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court. That function is properly performed, as contemplated by section 2101(f), by the court of appeals or the Supreme Court.

In the absence of precedential case law of the former Fifth or the Eleventh Circuit on the issue presented, the Court finds the following case law thoroughly persuasive: *In Re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982); *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F.Supp 78, 79-80

---

1. The mandate of the Eleventh Circuit Court of Appeals subsequently issued on August 26, 1987.

(S.D.N.Y., 1983); *Kozman v. Trans World Airlines*, 145 F.Supp. 140 (S.D.N.Y., 1956).

An appropriate order of dismissal will be entered.