733 F.Supp. 1346 (1990)
Todd GANDER, Plaintiff,
v.
FMC CORPORATION, and Pedco, Inc., Defendants.
No. 87-1155C(6).
United States District Court, E.D. Missouri.
April 6, 1990.
*1347 Hullverson, Hullverson & Frank, James E. Hullverson, Jr., Saint Louis, Mo., for plaintiff.
Shepherd, Sandberg & Phoenix, P.C., Paul N. Venker, Saint Louis, Mo., for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on plaintiff's motion for payment of appeal bond and defendant's opposition thereto.
On July 13, 1988 this Court entered judgment on a jury verdict in favor of plaintiff Todd Gander for the sum of $2,000,000. Defendant FMC appealed that judgment and this Court stayed execution of the judgment pending appeal pursuant to Fed. R.Civ.P. 62(d) upon the posting of a supersedeas bond in the amount of $2,200,000. On January 12, 1990 the Eighth Circuit Court of Appeals affirmed this Court's judgment. On February 22, 1990 the Court of Appeals denied defendant's petition for rehearing en banc and on March 6, 1990 issued its mandate in this matter. As of the present date, defendant has failed to pay the judgment or tender the supersedeas bond. Plaintiff now moves the Court for an order compelling payment of the judgment from the appeal bond.
In opposition to plaintiff's motion defendant asserts that because it has an "absolute right" to petition the Supreme Court for a writ of certiorari, this Court must stay the execution of its judgment. Defendant seeks sanctions on the ground that plaintiff's request is "frivolous and unsupported by any known case law or federal rule of procedure."
Upon consideration of the applicable law the Court finds that defendant's, rather than plaintiff's position, is unsupported by case law or rules of procedure.
The power of a district court to grant a stay of judgment pending appeal terminates when the Court of Appeals issues its mandate. Newton v. Consol. Gas Co., 258 U.S. 165, 177, 42 S.Ct. 264, 267, 66 L.Ed. 538 (1922); Rakovich v. Wade, 834 F.2d 673, 674 (7th Cir.1987). Pursuant to 28 U.S.C. § 2101(f) a stay pending an application for certiorari to the Supreme Court "may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court...." This provision has been construed to vest authority to grant such a stay with the Court of Appeals or a justice of the Supreme Court. See In re Stumes, 681 F.2d 524, 525 (8th Cir.1982); Hovater v. Equifax Services, Inc., 669 F.Supp. 392, 393 (N.D.Ala. 1987); Deretich v. City of St. Francis, 650 F.Supp. 645, 647 (D.Minn.1986); Studiengesellschaft Kohle, mbH v. Novamont Corp., 578 F.Supp. 78, 80 (S.D.N.Y.1983). The mandate of the Eighth Circuit Court of Appeals having issued in this matter, the stay issued by this Court during the pendency of the appeal has expired. In addition, this Court lacks jurisdiction to stay the execution of its judgment pending defendant's application for certiorari to the Supreme Court. In re Stumes, 681 F.2d at 525; Hovater, 669 F.Supp. at 393; Deretich, 650 F.Supp. at 647; Studiengesellschaft Kohle, mbH, 578 F.Supp. at 80.
Inasmuch as the stay entered in this cause on February 23, 1989 dissolved upon the issuance of the mandate of the Eighth Circuit Court of Appeals, the Court concludes that defendant is now obligated to pay this Court's judgment unless it is able to obtain a stay pursuant to 28 U.S.C. § 2101. Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for payment of appeal bond shall be and it is granted.
IT IS FURTHER ORDERED that plaintiff's motion for sanctions shall be and it is denied.
IT IS FURTHER ORDERED that defendant FMC's motion for sanctions shall be and it is denied.