**Albert L. BRINKMAN, et al., Plaintiffs,**

v.

**The DEPARTMENT OF CORRECTIONS OF the STATE OF KANSAS, Defendant.**

**No. 91–4208–SAC.**

United States District Court, D. Kansas.

June 2, 1994.

Brad E. Avery, Topeka, KS, for plaintiffs.

Charles E. Simmons, Kansas Dept. of Corrections, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiffs' motion to direct payment. (Dk. 104). After the jury's verdict of November 20, 1992, and the court's bench ruling on liquidated damages, judgment for the plaintiffs was entered on December 18, 1992. (Dk. 84). The defendant filed its notice of appeal on January 13, 1994. (Dk. 86).

Collateral matters were resolved after the notice of appeal was filed. First, the court entered an agreed order that awarded attorney's fees to the plaintiffs but stayed the payment of the fees until resolution of the Tenth Circuit appeal. (Dk. 93). Next, the court denied the defendant's motion for a stay without the posting of a full supersedeas

bond. (Dk. 96). The defendant then obtained a stay pursuant to Rule 62(d) of the Federal Rules of Civil Procedure upon the district court's order allowing and approving the defendant's deposit of $172,847.65 as an appeal bond. (Dk. 99).

The Tenth Circuit filed on April 11, 1994, its opinion affirming the district court on all issues properly advanced on appeal. (Dk. 102). The Tenth Circuit entered judgment the same day in accordance with Rule 36 of the Federal Rules of Appellate Procedure. 21 F.3d 370. (Dk. 103). The Tenth Circuit's mandate, constituting a certified copy of the judgment and a copy of its opinion,[1] was sent to counsel accompanied by a letter dated May 6, 1994, and was filed in the district court on May 10, 1994. (Dk. 103).

The plaintiffs now move the court to direct payment by the bond guarantor to the plaintiff's attorney in the amount of the judgment against defendant plus interest and attorney's fees. In their motion, the plaintiffs represent that their counsel has contacted the defendant's counsel regarding payment of the judgment and has received no affirmative response. In its filed written response, the defendant says it intends to file a petition for certiorari in the Supreme Court and has until July 10, 1994, to do so, and it requests the district court to keep the stay and bond in effect pending action on its petition. In reply, the plaintiffs argue that the Tenth Circuit did not stay its mandate, that the district court lacks the authority to stay the Tenth Circuit's mandate, and that unless a justice of the Supreme Court stays the Tenth Circuit's mandate the district court must enforce it.

■ A district court loses jurisdiction to vacate or alter its judgment pending appeal, *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir.1987), but, upon issuance of the mandate, regains jurisdiction of the case to act consistent with the mandate, *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir.1987); 16 Charles A. Wright, et al., *Federal Practice and Procedure* § 3987 (1994 Supp.). Con-

---

**1.** "A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issues." Fed.R.App.P. 41(a).

versely, the district court retains the authority throughout the pendency of the appeal to stay its judgment, *Rakovich v. Wade,* 834 F.2d at 674, but, upon issuance of the mandate, loses the power to stay the judgment, *Gander v. FMC Corp.,* 733 F.Supp. 1346, 1347 (E.D.Mo.1990) (citing *Newton v. Consolidated Gas Co. of New York,* 258 U.S. 165, 177, 42 S.Ct. 264, 267, 66 L.Ed. 538 (1922), and *Rakovich v. Wade* 834 F.2d 673, 674 (7th Cir.1987)).

■ In effect, the defendant wants this court to stay the Tenth Circuit's mandate. By the terms of 28 U.S.C. § 2101(f), a stay pending an application for certiorari to the Supreme Court "may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court...." Recent authority uniformly holds that only the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment. *See, e.g., In re Stumes,* 681 F.2d 524, 525 (8th Cir.1982); *Gander v. FMC Corp.,* 733 F.Supp. at 1347; *Mister v. Illinois Cent. Gulf R. Co.,* 680 F.Supp. 297, 298–99 (S.D.Ill.), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1597, 99 L.Ed.2d 911 (1988); *Hovater v. Equifax Services, Inc.,* 669 F.Supp. 392, 393 (N.D.Ala.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987); *Studiengesellschaft Kohle, mbH v. Novamont Corp.,* 578 F.Supp. 78, 80 (S.D.N.Y.), *cert. denied,* 464 U.S. 939, 104 S.Ct. 351, 78 L.Ed.2d 316 (1983). In addition, § 2101(f) contemplates enforcement of the court of appeals' judgment, even during the certiorari process, if no stay is obtained. *Byrne v. Roemer,* 847 F.2d 1130, 1134 (5th Cir.1988).

With the issuance of the mandate, the prior stay dissolved and this court regained jurisdiction of the case for the purpose of enforcing the judgment. This court lacks jurisdiction to stay the Tenth Circuit's mandate, and the defendant apparently has not obtained a stay from the Tenth Circuit or a justice of the Supreme Court. For these reasons, the defendant is now obligated to pay the court's judgment plus interest and attorney's fees unless a stay is obtained.

IT IS THEREFORE ORDERED that the plaintiffs' motion to direct payment (Dk. 104) is granted, and the plaintiffs shall prepare an order for the court's signature that directs the clerk of the court to pay the plaintiffs' attorney from the defendant's deposit with the court the amount of the judgment, plus post-judgment interest and attorney's fees. The plaintiffs' counsel shall seek the defense counsel's approval of the proposed order.