In re Nancy B. RICHARDS, Debtor.

Lindner & Associates, P.C., Plaintiff,

v.

Nancy B. Richards, Defendant.

Bankruptcy No. 97–01501.
Adversary No. 97–0090.

United States Bankruptcy Court,
District of Columbia.

Dec. 1, 1999.

Paul D. Pearlstein, Washington, DC, for defendant.

Brian R. Seeber, Brian R. Seeber, P.C., Washington, DC, for plaintiff.

Roger Schlossberg, Hagerstown, MD, for Brian R. Seeber.

*ORDER RE MOTION TO RELEASE SUPERSEDEAS AND CROSS–MOTION TO EXTEND STAY PENDING APPEAL TO COURT OF APPEALS*

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The district court recently affirmed this court's monetary judgment awarding

sanctions in the defendant's favor. The defendant has moved for a release of the moneys deposited as a supersedeas bond staying enforcement of the judgment pending the appeal to the district court under F.R.Bankr.P. 7062. The plaintiff opposes that motion, and has cross-moved to extend the previous stay to include the appeal of the district court's judgment to the court of appeals, with the existing deposit to serve as a supersedeas bond for that purpose.

The defendant contends that the bankruptcy court lacks authority to consider the plaintiff's request for a stay pending an appeal to the court of appeals.[1] The court's examination of that issue has caused the court to question as well whether the appeal in the district court is sufficiently concluded to permit this court to release the supersedeas funds.

The court will deny both the motion to release the supersedeas funds and the cross-motion for a further stay. The district court's continued appellate jurisdiction by reason of its failure to issue a mandate means that the appeal is not yet concluded, but this by itself does not bar this court's considering a request for a stay pending a further appeal. See part II, below. But the court nevertheless concludes that it lacks authority to issue a stay of its affirmed judgment pending an appeal to the court of appeals: the district court and the court of appeals are the appropriate courts from which to seek a stay under F.R.Bankr.P. 8017. See part III, below. However, the district court's continued appellate jurisdiction means that enforcement of the supersedeas bond is premature. See part IV, below.

## I

Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). Thus, a district court's affirmance of a bankruptcy court's judgment is generally analogous to a court of appeals' affirmance of a district court's judgment in ordinary civil litigation. See Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.), 195 F.3d 568, 570–571 (10th Cir.1999)(observing that a court hearing an appeal from a bankruptcy court acts as an appellate court and "is therefore more analogous to a circuit court" hearing an appeal from a district court). So it is relevant to examine the case law regarding the analogous question of obtaining a stay of a district court judgment in non-bankruptcy litigation, after the judgment has been affirmed by the court of appeals (that is, a stay pending a petition for a writ of certiorari to the Supreme Court).

## II

The district court loses appellate jurisdiction once it issues a mandate. See Sunset Sales, 195 F.3d at 570–571. Our district court's local rules do not address when or how the mandate is to be issued. Compare Sunset Sales, 195 F.3d at 571–572 (local rule addressed when and how the mandate was to be issued). Under 28 U.S.C. § 158(c)(2), the court could analogize from the mandate-issuance rule that applies when a district court's monetary judgment is affirmed by the court of appeals. The applicable rule is F.R.App.P. 41 which provides in pertinent part:

(a) **Contents.** Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.

(b) **When Issued.** The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, rehearing en banc, or motion for stay of

---

1. The defendant has cited no authorities in support of this contention. Nor has the plaintiff briefed the issue.

mandate, whichever is later. The court may shorten or extend the time.

But the district court here has not issued a certified copy of its opinion and judgment, so a mandate has never issued.[2] Thus, the case is still technically within the appellate jurisdiction of the district court.

 Although the district court has not issued its mandate, the resultant continued appellate jurisdiction of the district court is not a bar to this court's considering granting a stay. The rule used to be that once the appellate court obtained jurisdiction over an appeal, the trial court was without authority to modify the supersedeas that the trial court had approved; only the appellate court was vested with control over the supersedeas during the pendency of the appeal. *Draper v. Davis*, 102 U.S. 370, 26 L.Ed. 121 (1880); *Darrow v. Kulp (In re Federal Facilities Realty Trust)*, 227 F.2d 651 (7th Cir.1955). But that rule has not survived the abolition of former F.R.Civ.P. 73(e) in 1968. *In re Ridgemont Apartment Assocs., Ltd.*, 93 B.R. 788, 791 (Bankr.N.D.Ga.1988).

**2.** One result is that the district court still has authority to issue a stay. After issuance of the mandate, it loses the authority to issue a stay. *Sunset Sales*, 195 F.3d at 569–573.

**3.** *See also Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983)(Rehnquist, J., sitting as Circuit Justice)("Whatever the current application of the so-called jurisdictional shift theory to modern appellate procedure, it is well settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal....").

**4.** In *El–O–Pathic Pharmacy*, 192 F.2d at 79–80, the court observed:

It is of course generally the rule that when an appeal is perfected the district court loses jurisdiction to take further action in the cause, but subdivision (c) of Rule 62 is an exception to that general rule and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court.

One court has held that an appeal pending in the district court or bankruptcy appellate panel divested a bankruptcy court of jurisdiction to issue a stay of a financing order after the bankruptcy court had initially declined to grant a stay pending appeal. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1489 (9th Cir.1987). But *Adams Apple* is inconsistent with *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922), which stated:

Undoubtedly, after appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court. But it may not finally adjudicate substantial rights directly involved in the appeal.

(Citations omitted.)[3] Indeed, *Adams Apple* is inconsistent with *United States v. El–O–Pathic Pharmacy*, 192 F.2d 62 (9th Cir.1951), an earlier decision of the same court, which followed *Newton*.[4] Furthermore, the cases *Adams Apple* relied upon are distinguishable from the instant case.[5] In any event, *Adams Apple* undoubtedly would not be followed in this circuit. *See Goldsborough v. Marshall*, 243 F.2d 240,

Under old equity rule 74, 28 U.S.C.A. Appendix, 226 U.S. 670, the trial judge was permitted to make such an order when he allowed the appeal, 'at the time of such allowance'. Subdivision (c) of Rule 62, omits reference to any specific time when the district court may grant such an injunction, and we think that under common principles of construction, this authority of the district court must now be held to continue throughout the period when the appeal is pending.
(Citation omitted.)

**5.** In the principal case upon which *Adams Apple* relied, *Bialac v. Harsh Inv. Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir.1982), a bankruptcy judge had lifted the automatic stay to permit a sale to proceed. During the pendency of an appeal, a second bankruptcy judge granted an injunction against the sale. This was viewed as not a stay pending appeal, but as an improper attempt to vacate or modify the order which was on appeal. If this court were to grant a stay pending an appeal to the court of appeals, this would not be an attempt to modify or vacate the monetary judgment.

244 (D.C.Cir.1957)(following *Newton*). So the appellate jurisdiction of the district court is not a bar to this court's modifying or enlarging the stay it has already granted.

The court thus turns to the different and more difficult question of whether the bankruptcy court has authority to issue a stay once its judgment is affirmed by the district court.

### III

■ With respect to stays of district court judgments in non-bankruptcy litigation, one court has stated that "even where a district court arguably has the power to grant an injunction staying execution of a judgment pending a petition for certiorari, absent extraordinary circumstances, the court of appeals is the appropriate forum to hear the application." *Cementos Guadalajara, S.A. v. United States,* 727 F.Supp. 614, 617–18 (Ct.Int'l Trade 1989). Numerous other decisions hold that the district court has no authority to enter a stay after the appeal is resolved by the court of appeals. *In re Stumes,* 681 F.2d 524, 525 (8th Cir.1982)(court of appeals judgment directing issuance of writ of habeas corpus); *Brinkman v. Department of Corrections,* 857 F.Supp. 775, 776 (D.Kan.1994)(monetary judgment affirmed by court of appeals); *Gander v. FMC Corp.,* 733 F.Supp. 1346 (E.D.Mo. 1990)(same); *Mister v. Illinois Cent. Gulf*

*R.R. Co.,* 680 F.Supp. 297, 298 (S.D.Ill.1988)(reversal in part and remand); *Hovater v. Equifax Services, Inc.,* 669 F.Supp. 392, 393 (N.D.Ala.1987)(reversal and remand for dismissal of action); *Studiengesellschaft Kohle, mbH v. Novamont Corp.,* 578 F.Supp. 78, 79 (S.D.N.Y.1983)(judgment awarding defendant an offset reversed and matter remanded to restore the full award to the plaintiff and to reconsider award of costs); *Kozman v. Trans World Airlines, Inc.,* 145 F.Supp. 140 (S.D.N.Y.1956)(monetary judgment affirmed by court of appeals). *But see Keyes v. United States Fidelity & Guar. Co.,* 44 F.Supp. 723 (S.D.Fla.1942). *See generally* E.L. Kellett, Annotation, *CONSTRUCTION, IN CIVIL CASE, OF 28 U.S.C.A. § 2101(F), PROVIDING FOR STAY OF EXECUTION OR ENFORCEMENT OF JUDGMENT SUBJECT TO REVIEW BY UNITED STATES SUPREME COURT ON CERTIORARI,* 2 A.L.R. FED. 657 (1969). The rationales of these decisions suggest that a similar rule ought to apply in an appeal of an affirmance of a bankruptcy court judgment. These decisions follow two approaches.

### A. *Effect of F.R.App.P. 41*

The court in *Cementos Guadalajara* based its holding on a review of the rules governing stays of an appellate court's mandate, namely, F.R.App.P. 41 [6] and former Supreme Court Rule 44.2.[7] These

---

6. F.R.App.P. 41, as it read in 1989, provided in relevant part:

 **(b) Stay of Mandate Pending Application for Certiorari.** A stay of the mandate pending application to the Supreme Court for a writ of certiorari may be granted upon motion, reasonable notice of which shall be given to all parties. The stay shall not exceed 30 days unless the period is extended for cause shown. If during the period of the stay there is filed with the clerk of the court of appeals a notice from the clerk of the Supreme Court that the party who has obtained the stay has filed a petition for the writ in that court, the stay shall continue until final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition

for writ of certiorari the mandate shall issue immediately. A bond or other security may be required as a condition to the grant or continuance of a stay of the mandate.

7. Stays in the Supreme Court are now addressed by Supreme Court Rule 23. Although Rule 23 contains amendments to old Rule 44, the important fact is that Rule 23.2, as old Rule 44.2 previously, authorizes a party to present to a Justice an application to stay the judgment sought to be reviewed. Rule 23.3 contemplates that "[e]xcept in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof." Although Rule 23.3 refers to

rules contemplate that after entry of the court of appeals' judgment, an application for further stay will be sought from the court of appeals or from the Supreme Court. They give the district court no role in deciding whether a stay should continue.[8]

This rationale is questionable. Staying a mandate is distinct from staying a judgment. Staying the mandate would maintain the appellate court's jurisdiction over the case. But staying issuance of the appellate court's mandate does not effect a stay of the trial court's judgment. *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1129 (D.C.Cir.1978); *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 222 B.R. 914, 918 n. 4 (10th Cir. BAP 1998), *aff'd*, 195 F.3d 568 (10th Cir.1999).

Although F.R.App.P. 41 does not address the question of a stay of the district court's judgment after an affirmance and pending a writ for certiorari, the court of appeals (absent express authority elsewhere) would have authority to grant a stay under the All Writs Act, 28 U.S.C. § 1651.[9] *See Magnum Import Co. v. Coty*, 262 U.S. 159, 43 S.Ct. 531, 67 L.Ed. 922 (1923); *Barnes v. E–Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302, 112 S.Ct. 1, 115 L.Ed.2d 1087 (1991)(Scalia, J., sitting as Circuit Justice). Nothing in F.R.App.P. 41 suggests that the All Writs Act should be unavailable as a basis for granting a stay at the trial court level after the trial court's judgment is affirmed on appeal.[10]

Since the enactment of 28 U.S.C. § 2101(f), resort by the court of appeals or the Supreme Court to the All Writs Act has been unnecessary to issue a stay of the trial court's judgment pending the seeking of further review after affirmance of the trial court's judgment. As will be seen in the next section, § 2101(f) provides a more compelling rationale for barring the trial court from staying its judgment after an affirmance.

If F.R.App.P. 41 were a valid rationale for barring the trial court from considering a stay request after its judgment was affirmed, that rationale would plainly apply to bankruptcy appeals because

seeking a stay from "the appropriate court or courts below," the rule applies to stays of state court judgments as well as federal court judgments. A state appellate court's rules might authorize the trial court to issue a stay pending a petition for a writ of certiorari, thereby making it an "appropriate court" from which to seek a stay. But in the federal court system, the court of appeals is the only appropriate court from which to seek a stay of its judgment pending a petition for certiorari.

8. F.R.App.P. 41, which was amended after the *Cementos Guadalajara* decision, now provides in relevant part:

(d) **Staying the Mandate.**
(1) **On Petition for Rehearing or Motion. . . .**
(2) **Pending Petition for Certiorari.**
(A) A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay.
(B) The stay must not exceed 90 days, unless the period is extended for good cause or unless the party who obtained the stay files a petition for the writ and so notifies the circuit clerk in writing within the period of the stay. In that case, the stay continues until the Supreme Court's final disposition.
(C) The court may require a bond or other security as a condition to granting or continuing a stay of the mandate.
(D) The court of appeals must issue the mandate immediately when a copy of a Supreme Court order denying the petition for writ of certiorari is filed.

9. 28 U.S.C. § 1651 provides in relevant part:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

10. Additionally, in bankruptcy cases, 11 U.S.C. § 105(a), an analog to the All Writs Act, provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

F.R.Bankr.P. 8017(b)—the only rule addressing stays pending an appeal from the district court's judgment in a bankruptcy appeal—was expressly modeled on F.R.App.P. 41. See F.R.Bankr.P. 8017 Advisory Committee Note (1983). Moreover, F.R.Bankr.P. 8017 presents a stronger case because it addresses not the stay of mandate, but rather the stay of the district court's judgment. Rule 8017 contemplates that the district court in the first instance and then the court of appeals are to hear any motion to stay the district court's judgment in a bankruptcy appeal.[11] The rule gives the bankruptcy court no role in deciding whether such a stay should issue. It is unnecessary, however, to embrace or reject the F.R.App.P. 41 rationale, for 28 U.S.C. § 2101(f) furnishes a more compelling rationale for declining to consider a motion to stay this court's affirmed judgment.

### B. Effect of 28 U.S.C. § 2101(f)

In contrast to Cementos Guadalajara, other decisions (such as Stumes, 681 F.2d at 525) resort to the language of 28 U.S.C. § 2101(f)[12] in holding that a district court has no authority to issue a stay pending a petition for a writ of certiorari. Although no analogous statutory provision exists in the case of bankruptcy appeals, F.R.Bankr.P. 8017 incorporates similar rules in the case of stays pending an appeal to the court of appeals in bankruptcy cases. In any event, 28 U.S.C. § 158(c)(2) appears to mandate that the granting of a stay, as an incident of the appeal process, be handled in the same manner as under § 2101(f).

Moreover, F.R.Bankr.P. 8017 is actually written more like 28 U.S.C. § 2101(f) than F.R.App. P. 41. On the one hand, § 2101(f) addresses staying the judgment of the court of appeals. On the other hand, F.R.App.P. 41 addresses staying the mandate. F.R.Bankr.P. 8017's focus on staying the judgment instead of the mandate more forcefully suggests that the district court in the first instance and subsequently the court of appeals are the appropriate courts to consider a stay pending appeal of enforcement of a bankruptcy court's monetary judgment.

This is because a stay under 28 U.S.C. § 2101(f) of the appellate court's judgment of affirmance implicitly extends to any judgment affirmed by that judgment. Although the court could find no such cases

---

11. Rule 8017 provides in relevant part:

 (b) **STAY PENDING APPEAL TO THE COURT OF APPEALS.** On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. . . .

 (c) **POWER OF COURT OF APPEALS NOT LIMITED.** This rule does not limit the power of a court of appeals or any judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any

order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

12. 28 U.S.C. § 2101(f) provides:

 In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

actually so holding, this conclusion stands to reason. A 28 U.S.C. § 2101(f) stay would be meaningless (at least in the case of judgments affirming the trial court's judgment) unless it extended to the judgment of the trial court as well as the judgment of the appellate court. And the court's limited research revealed decisions in which a stay under § 2101(f) was, without discussion, viewed as effective to stay the judgment of the trial court affirmed by the stayed judgment of the court of appeals. *See Brinkman,* 857 F.Supp. at 776 (monetary judgment affirmed by court of appeals; stay of enforcement of judgment must be sought under § 2101(f)); *Gander,* 733 F.Supp. at 1346 (same); *Kozman,* 145 F.Supp. at 140 (same); *Barnes,* 501 U.S. at 1301–02, 112 S.Ct. 1 (Scalia, J., sitting as Circuit Justice)(stay issued under § 2101(f) of court of appeals' judgment affirming district court judgment which directed issuance of refunds and other relief, with the stay based in part on harm that would arise from payments being made from the state treasury).

### C. *The Result in Bankruptcy Appeals*

F.R.Bankr.P. 8017 should be viewed as the rule controlling the stay of an affirmed bankruptcy court judgment. Two other rules, F.R.Bankr.P. 7062 and F.R.Bankr.P. 8005, authorize stays pending "an appeal" without any distinction drawn between an appeal to the district court or a further appeal to the court of appeals. Unlike F.R.Bankr.P. 8017, however, these rules fail expressly to deal with a stay pending an appeal to the court of appeals. So Rules 7062 and 8005 ought not be viewed as addressed to a stay pending an appeal to the court of appeals.

As in the case of 28 U.S.C. § 2101(f), Rule 8017 should be viewed as establishing and limiting the courts from which a stay of the trial court's judgment is to be sought after an affirmance. The court reaches this conclusion not only because of the precedential value of the cited cases (and the force of 28 U.S.C. § 158(c)(2) which brings such precedent to bear regarding bankruptcy appeals), but also because of three other considerations.

First, out of deference to the district court, this court believes that application for approval of a supersedeas bond pending appeal of the district court's order of affirmance should be sought in the first instance in the district court. In the interest of sound relations with the district court, this court will not presumptuously view the district court as content to let this court address an issue directed to the district court by F.R.Bankr.P. 8017 and that arguably affects whether its mandate is fully enforced. Although this court's judgment would be the one being collected, the district court's order of affirmance is at stake on the further appeal.

Second, the district court can better assess the probable costs that were incurred in the appeal to the district court, and can as readily assess the probable costs of an appeal in the court of appeals and the probable duration of that appeal.

Finally, this approach has the merit of establishing a clear rule regarding the court from which the stay should be sought. There clearly are instances when it would be wholly inappropriate for the bankruptcy court to consider staying the district court's judgment pending an appeal to the court of appeals. *See, e.g., Novamont Corp.,* 578 F.Supp. at 79 (judgment awarding defendant an offset reversed and matter remanded to restore the full award to the plaintiff and to reconsider award of costs). Rather than engaging in a case-by-case analysis of the propriety of the bankruptcy court's addressing such a motion for stay, it is simpler to have a clear rule that routes such motions to the district court in the first instance.

In determining that the stay must be sought in the first instance in the district court, the court realizes that there are arguments in favor of this court's deciding the stay issue.

First, the district court simply affirmed this court's judgment. Although it is the district court's order of affirmance that is being appealed, it is this court's monetary judgment which the defendant seeks to enforce—not the order of affirmance. This is not a case like *Novamont Corp.*, 578 F.Supp. at 78, where the court of appeals had remanded for further proceedings: there, it was truly the court of appeals' directive that would have been disregarded if the district court had granted a stay.

Second, approving the supersedeas as staying collection during the appeal to the court of appeals is not inconsistent with the affirmance embodied in the forthcoming mandate of the district court, nor does it interfere with the district court's appellate jurisdiction pending issuance of the mandate. This is not a case where the stay is discretionary and the district court would be in a superior position to evaluate the likelihood of success on appeal based on the effect of the appellate proceedings before it on that likelihood of success.

Third, the rule makers likely did not intend that approval of a supersedeas bond would be unavailable as an automatic mechanism (as under F.R.Bankr.P. 7062 and F.R.Civ.P. 62(d)) for obtaining a stay on appeal to the court of appeals from the district court's affirmance of a monetary judgment. The money judgment to be enforced remains the same, and the court of appeals' review of the district court's ruling is de novo. While it would likely be an abuse of discretion to deny a stay when a supersedeas bond is posted pending an appeal to the court of appeals from a judgment affirming a bankruptcy court monetary judgment, it would be clearer to deem F.R.Bankr.P. 7062 and F.R.Civ.P. 62(d) to have continued vitality with respect to the monetary judgment pending the appeal to the court of appeals.

Fourth, there is an automatic right of appeal to the court of appeals from the order affirming the bankruptcy court's monetary judgment. In contrast, when a court of appeals affirms a district court's monetary judgment, there is no automatic right of appeal to the Supreme Court: review is by way of a discretionary grant of a petition for a writ of certiorari. So viewing the district court in its appellate role as being analogous to a court of appeals is inappropriate. When there is an automatic right of appeal, as here, there is no need to examine the likelihood of review being obtained. *Cf. American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* —— U.S. ——, 87 S.Ct. 1, 17 L.Ed.2d·37 (1966)(Harlan, J., sitting as Circuit Justice)(supersedeas allowed while discretionary certiorari was sought if question presented by petition for writ of certiorari was substantial).

But the need for a clear-cut rule applicable to all cases, and the need for deference to the district court as the appellate court, outweigh these arguments.

This having been said, nothing precludes the district court, if it so chooses, from directing, prior to issuance of the mandate, that the bankruptcy court shall fix the terms of a supersedeas bond. *See Cementos Anahuac Del Golfo, S.A. v. United States,* 727 F.Supp. 620, 624 (Ct.Int'l Trade 1989)(stating that "this court is unable to conclude that it is at liberty to extend, *without the concurrence of a higher court,* the injunction for the entire length of time the plaintiff presumably requires to obtain a writ of certiorari from the Supreme Court" (emphasis added)). Alternatively, the district court could request the bankruptcy court's recommendation regarding an appropriate supersedeas bond for the period of the appeal to the court of appeals.[13]

---

**13.** The court notes that the supersedeas bond it set was subject to adjustment upward if that proved necessary (for example, based on the passage of time or extraordinary costs incurred in the appeal). If the district court stays collection of the judgment and yet issues its mandate, it would lose jurisdiction to revise the bond upwards.

## IV

Until the district court's mandate is issued, the district court retains jurisdiction over the case "and thus the power to alter the mandate." *Deering Milliken, Inc.*, 647 F.2d at 1129 (footnote omitted); *see United States v. Craigo*, 993 F.2d 1086 (4th Cir.1993)(because it had stayed its mandate, the court of appeals was free to vacate its prior judgment as inconsistent with intervening Supreme Court decision). Accordingly, the appeal to the district court is not concluded and the supersedeas bond pending that appeal is still effective. The court will deny the motion for release of the deposited funds pending issuance of the district court's mandate. This will give the appellant an opportunity to seek a stay from the district court. It is thus

ORDERED that the Motion to Extend Stay Pending Appeal is DENIED without prejudice to renewal in the district court. It is further

ORDERED that the Motion to Release Supersedeas is denied without prejudice to renewal after issuance of the district court's mandate.