66 F.3d 661
 Shannon Richey FAULKNER; United States of America,
Plaintiffs-Appellees,
v.
James E. JONES, Jr., Chairman, Board of Visitors of The
Citadel, the Military College of South Carolina; Carroll A.
Campbell, Jr., Member of the Board of Visitors of The
Citadel, the Military College of South Carolina; T. Easton
Marchant, Member of the Board of Visitors of The Citadel,
the Military College of South Carolina; Barbara S. Nielsen,
Member of the Board of Visitors of The Citadel, the Military
College of South Carolina; William F. Prioleau, Jr., Member
of the Board of Visitors of The Citadel, the Military
College of South Carolina; William E. Jenkinson, III,
Member of the Board of Visitors of The Citadel, the Military
College of South Carolina; Leonard C. Fulghum, Jr., Member
of the Board of Visitors of The Citadel, the Military
College of South Carolina; James M. Leland, Jr., Member of
the Board of Visitors of The Citadel, the Military College
of South Carolina; John A. McAllister, Jr., Member of the
Board of Visitors of The Citadel, the Military College of
South Carolina; David S. Boyd, Jr., Member of the Board of
Visitors of The Citadel, the Military College of South
Carolina; Julian G. Frasier, III, Member of the Board of
Visitors of The Citadel, the Military College of South
Carolina; James W. Bradin, Member of the Board of Visitors
of The Citadel, the Military College of South Carolina;
Larry J. Ferguson, Member of the Board of Visitors of The
Citadel, the Military College of South Carolina; Steve D.
Peper, Member of the Board of Visitors of The Citadel, the
Military College of South Carolina; Wallace I. West, Jr.,
Director of Admissions and Recruiting at The Citadel, the
Military College of South Carolina; Claudius E. Watts, III,
President of The Citadel, the Military College of South
Carolina, in their official capacities; State of South
Carolina; The Citadel, the Military College of South
Carolina; the Board of Visitors of The Citadel, the
Military College of South Carolina, Defendants-Appellants,
National Women's Law Center; American Association of
University Women; California Women's Law Center; Center
for Advancement of Public Policy; Center for Women Policy
Studies; Clearinghouse on Women's Issues; Coalition of
Lavor Union Women; Connecticut Women's Education and Legal
Fund; Equal Rights Advocates; Federally Employed Women,
Incorporated; Feminist Majority Foundation; Human Rights
Campaign Fund; Lawyer's Committee for Civil Rights Under
Law; National Association of Girls & Women in Sport;
National Association of Commissions for Women; National
Council of Jewish Women; National Council of Negro Women,
Incorporated; National Education Association; National
Hook-Up of Black Women, Incorporated; National Organization
for Women; Now Legal Defense and Education Fund; National
Woman's Party; National Women's Conference Committee;
National Women's Political Caucus; Northwest Women's Law
Center; Trial Lawyers for Public Justice; Wider
Opportunities for Women; Women Employed; Women's Law
Project; Women's Legal Defense Fund; Carol Gilligan, Ph.D;
Valerie E. Lee, Ed.D; Diane S. Pollard, Ph.D; Bernice
Sandler, Ed.D; Program on Gender, Science and Law at
Columbia University School of Public Health, Amici Curiae.
 No. 94-1978.
 United States Court of Appeals,
Fourth Circuit.
 Aug. 9, 1995.
 
 Prior report: 51 F.3d 440.AMENDED ORDER
 Appellants filed a motion for recall and stay of the June 5, 1995 mandate in this case pending their filing of a petition for writ of certiorari in the Supreme Court.
 The Court denies the motion.
 Entered at the direction of Judge NIEMEYER with the concurrence of Judge HALL. Judge HAMILTON would grant the motion for the reasons stated separately and therefore dissents.
 HAMILTON, Circuit Judge, dissenting:
 For well over a century, our nation's sons and daughters have enjoyed the unique benefits of publicly-funded single-gender education. Before this court should allow Shannon Faulkner to enter the Corps of Cadets at The Citadel, thereby trashing a venerable 152-year history of holistic education for young men at that institution, the Supreme Court of the United States should pass on this question. As Justice Scalia so cogently explained:
 
 
 1
 Whether it is constitutional for a State to have a men-only military school is an issue that should receive the attention of this Court before, rather than after, a national institution as venerable as the Virginia Military Institute is compelled to transform itself.
 
 
 2
 Virginia Military Institute v. United States, --- U.S. ----, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993) (Scalia, J., respecting denial of certiorari in United States v. Virginia, 976 F.2d 890 (4th Cir.1992)). Because the issues raised in this case are of such profound importance, I would stay our mandate pending The Citadel's petition for writ of certiorari to the Supreme Court of the United States.
 
 HAMILTON, Circuit Judge, further dissenting:
 
 3
 Now that the "rush" to file the majority's order has been accommodated, I have decided to expand my dissent to more fully address in some detail the posture in which the motion to stay our mandate was presented to this court.
 
 
 4
 Shannon Faulkner's admission into the Corps of Cadets at The Citadel has been mandated by default. Faulkner's admission is sanctioned by this court despite the fact that the constitutionality of the parallel program for the South Carolina Institute of Leadership for Women (SCIL) at Converse College has never been addressed on the merits by the district court or this court.
 
 
 5
 The majority cannot posit that it was the intention of this court's April 13, 1995, decision that Faulkner would be mandated admission into the Corps of Cadets by default of the district court to consider, in a timely fashion on the merits, the constitutionality of the SCIL.[1] The district court, with this court's approval, has done just that. By default, the majority permits the SCIL to be rejected at this juncture without any consideration on the merits with respect to whether it passes constitutional muster as prescribed in VMI II. The majority's refusal to recall the mandate and grant a stay, therefore, not only destroys the unique nature of The Citadel, but also detracts from the integrity of this court's process.
 
 
 6
 We have the inherent power to recall our mandate and issue a stay in order to protect the integrity of our process. See United States v. Holland, 1 F.3d 454, 455 (7th Cir.1993) (Ripple, J., in chambers); Zipfel v. Halliburton Co., 861 F.2d 565, 567 (9th Cir.1988). This authority to recall a mandate and issue a stay is to be exercised for " 'good cause' " or to " 'prevent injustice,' " id. (quoting Aerojet-General Corp. v. American Arbitration Ass'n, 478 F.2d 248, 254 (9th Cir.1973)), and should be exercised under "exceptional circumstances," Johnson v. Bechtel Assocs. Professional Corp., 801 F.2d 412, 416 (D.C.Cir.1986). If there was ever a case demonstrating "good cause," "injustice," or "exceptional circumstances," this is it. First, it cannot be gainsaid that The Citadel will suffer irreparable injury if a stay in this case is not granted--this court has repeatedly emphasized that single-gender education is pedagogically justified and educationally beneficial. See Faulkner II, 51 F.3d at 443 (majority opinion); id. at 453 (Hamilton, J., dissenting); VMI II, 44 F.3d at 1233; Faulkner v. Jones, 10 F.3d 226, 232 (4th Cir.1993) (majority opinion); United States v. Virginia, 976 F.2d 890, 897 (4th Cir.1992) (VMI I ), cert. denied, --- U.S. ----, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993). For the federal judiciary to allow Faulkner's admission into the Corps of Cadets at this juncture destroys--irreparably--the very nature of The Citadel. Second, despite the fact that the constitutionality of the SCIL has never been addressed or adjudged in a court of law, the record suggests The Citadel's plan comports with our decision in VMI II, where we sustained the constitutionality of the Virginia Women's Institute for Leadership (VWIL), a parallel program that provides a substantively comparable military-style education for women. See VMI II, 44 F.3d at 1239-42. The State of South Carolina has created the SCIL, which is represented to mirror the VWIL. Our sustaining the constitutionality of VWIL virtually foreordains that the SCIL passes constitutional muster. In turn, such a conclusion compels the conclusion that The Citadel has remedied any constitutional violation. An appropriate remedy being in place, The Citadel is likely to succeed when its proposed parallel program is finally tested in a court of law. Third, no one can take issue with the fact that the critical issue presented in this case--single-gender education for our sons and daughters--is extremely important. Finally, the equities of the case certainly favor The Citadel. Here, The Citadel will be irreparably harmed if the Corps of Cadets is subject to co-education, while Faulkner will not be harmed if she is not admitted to the Corps of Cadets with the fourth year class on August 12, 1995--there is nothing sacrosanct about the junior-year cut-off date for admission into the Corps of Cadets; were the parallel program held to be an inadequate constitutional remedy, Faulkner could be ordered admitted into the Corps of Cadets at any time.
 
 
 7
 For more than 152 years, South Carolina has committed itself to the publicly-funded, single-gender Citadel. The State of South Carolina, The Citadel, and those who strongly support publicly-funded, single-gender education, are entitled to a careful and reasoned decision on the merits to determine if the SCIL provides a substantively comparable educational experience and opportunity for the women in South Carolina who seek a Citadel-type educational experience. That the district court, by setting its own convenient schedule, can obfuscate the court's mandate and disregard the interests of The Citadel and the public, warrant this court recalling our mandate and entering a stay. At bottom, the State of South Carolina's interests should be preserved until the district court, in a timely fashion, addresses the validity of SCIL or the Supreme Court of the United States entertains The Citadel's petition for certiorari. Justice Scalia's words warrant repeating:
 
 
 8
 Whether it is constitutional for a State to have a men-only military school is an issue that should receive the attention of this Court before, rather than after, a national institution as venerable as the Virginia Military Institute is compelled to transform itself.
 
 
 9
 Virginia Military Institute v. United States, --- U.S. ----, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993) (Scalia, J., respecting denial of certiorari in VMI I ). For these reasons, and the reasons stated in my dissent filed yesterday, I would recall our mandate and enter a stay.
 
 
 
 [1]
 In Faulkner v. Jones, 51 F.3d 440, 450 (4th Cir.1995) (Faulkner II ) (majority opinion), cert. dismissed, --- U.S. ----, 116 S.Ct. 331, --- L.Ed.2d ---- (1995) (No. 95-31), the court directed the district court to "establish a timely but practicable schedule for South Carolina to formulate, adopt, and implement a plan that conforms with the Equal Protection Clause." The court also noted that if a proposed plan was not approved and implemented by August 1995, then The Citadel must admit Shannon Faulkner to the Corps of Cadets as previously ordered by the district court. Id. If not expressly stated, the court's decision clearly intended that if South Carolina elected to provide a parallel program and presented it to the district court, the district court would consider it and rule on the merits of such a plan before requiring South Carolina to change The Citadel to a co-educational institution. On June 5, 1995, South Carolina proposed a parallel program which ostensibly meets the necessary constitutional criteria established in United States v. Virginia, 44 F.3d 1229 (4th Cir.1995) (VMI II ), cert. granted, --- U.S. ----, 116 S.Ct. 281, --- L.Ed.2d ---- (1995) (No. 94-2107) and Faulkner II. Because of discovery disputes and the stated need for further discovery, the district court issued an order on July 24, 1995, that trial on the approval of a parallel program will not occur until November 1995, that is a date after Faulkner is scheduled to enter the Corps of Cadets. Clearly, if the parties were derelict in discovery, sanctions short of default could have been considered to enable the district court to reach the merits. Faulkner, therefore, will enter the Corps of Cadets by default, contrary to the intent of the court's decision which directed the district court to establish an appropriate schedule that would permit a trial on the merits of any parallel program proposed