# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

December 2, 1999

**TO:** ALL RECIPIENTS OF THE OPINION

**RE:** No. 98-6276, *Payne v. Claredon Nat'l Ins. Co. (In re: Sunset Sales, Inc.)*
Filed on October 26, 1999

The court's slip opinion contains a typographical error on page one. The bankruptcy court case number is corrected to read: "Bankr. No. 92-16745-BH." A corrected copy of page one is attached.

Sincerely,
Patrick Fisher, Clerk of Court

By:   Keith Nelson
      Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re:

SUNSET SALES, INC., doing
business as K&R Coal Company,
doing business as Sans Bois Coal
Company,

       Debtor.

---

DAVID PAYNE,

       Plaintiff-Appellee,

v.

CLARENDON NATIONAL
INSURANCE COMPANY; U.S.
CAPITAL INSURANCE, COMPANY;
VAN AMERICAN INSURANCE CO.,
INC.,

       Defendants-Appellants.

No. 98-6276

---

APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE TENTH CIRCUIT
(BAP No. WO-97-100)
(Bankr. No. 92-16745-BH)
(Adv. No. 95-1012-BH)

Submitted on the briefs:

G. Patrick Garrett, Oklahoma City, Oklahoma, for Defendants-Appellants.

Lyle S. Vaughn, Karen Eby of Lyle S. Vaughn, P.C., Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **BALDOCK** , **BARRETT** , and **BRORBY** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal arises out of the efforts of the liquidating trustee in the Chapter 11 bankruptcy of Sunset Sales, Inc., to avoid as preferential transfers various payments made to Clarendon National Insurance Co., U.S. Capital Insurance Co., and Van-American Insurance Co. (collectively, "the Bonding Companies") by Sunset's predecessor in interest, K&R Coal Co. The bankruptcy court determined that the transfers at issue were avoidable under 11 U.S.C. § 547(b), and entered judgment in favor of the trustee and against the Bonding Companies. The Bonding Companies appealed the bankruptcy court's judgment to the Tenth Circuit Bankruptcy Appellate Panel ("the BAP"), which affirmed.

*See Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 220 B.R. 1005, 1022 (B.A.P. 10th Cir. 1998). The Bonding Companies now appeal to this court, arguing that the bankruptcy court erred in finding that the transfers were preferential and avoidable.

## The Motion for Stay

Before considering the merits of the Bonding Companies' appeal, we must first address their request for a stay pending appeal. On February 18, 1998, while their appeal of the bankruptcy court's judgment was pending with the BAP, the Bonding Companies posted a supersedeas bond with the bankruptcy court and received a stay of that court's judgment. Although the conditions of the bond contemplated an appeal to both the BAP and to this court, the bankruptcy court's stay order apparently did not stay its judgment beyond an appeal to the BAP.

The BAP issued its opinion affirming the bankruptcy court on June 4, 1998, and issued its mandate on June 22, which the bankruptcy court received on June 25. On June 26, the Bonding Companies filed with the BAP an "Emergency Motion for Stay of Judgment Pending Appeal Combined with Motion for Recall or Stay of Mandate Pending Appeal," in which they sought a stay of the BAP's judgment and its mandate pending appeal to this court. The Bonding Companies argued that the BAP had jurisdiction to grant the stay under Fed. R. Bankr. P. 8017 even though it had already issued its mandate and that the supersedeas bond

previously posted in the bankruptcy court was sufficient to protect the trustee's interests during an appeal to this court. The Bonding Companies asked that the BAP also recall or stay its mandate.

On July 8, 1998, the BAP entered an order denying the motions. *See Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 222 B.R. 914, 918 (B.A.P. 10th Cir. 1998). The BAP concluded that it did not have jurisdiction to enter a stay pursuant to Bankruptcy Rule 8017 unless it first recalled its mandate. *Id.* at 917. The BAP considered the standards for recalling a mandate expressed by this and other circuit courts, and concluded that the facts of the case before it did not justify recalling the mandate. *Id.* at 917-18. Therefore, the BAP denied the motions to recall the mandate and to enter a stay, and noted that the Bonding Companies could seek a stay pending appeal from the Tenth Circuit. *Id.* at 918.

On July 13, 1998, the Bonding Companies filed a motion with this court seeking a stay pending appeal and approval of a supersedeas bond. They argued that the BAP erred in concluding that it had no jurisdiction to enter a stay unless it first recalled its mandate. The Bonding Companies asked that we so rule and then permit them to renew their stay motion before the BAP. In the event we agreed with the BAP that it had no jurisdiction to enter a stay, the Bonding Companies asked that we grant them a stay under Fed. R. App. P. 8(a).

On August 19, 1998, we entered an order granting the Bonding Companies a temporary stay and directing the parties to submit supplemental briefs addressing the BAP's authority to grant a stay pending appeal after it had issued its mandate. Based upon our review of the parties' supplemental briefs and the pertinent law, we conclude that the BAP correctly determined it had no jurisdiction to enter the stay unless it first recalled its mandate.

The Bonding Companies contend that the BAP should be treated like a district court and imbued with the same power to enter a stay pending appeal to a higher court as a district court has under Fed. R. Civ. P. 62. Although a district court and a BAP serve some similar functions, they have distinct differences, the chief of them being that a district court is also a court of original jurisdiction. The BAP is exclusively an appellate court, however, and is therefore more analogous to a circuit court.

While the Bonding Companies are correct that the Bankruptcy Rules incorporate Fed. R. Civ. P. 62, they do so in Part VII of the rules, which relates solely to adversary proceedings at the trial level (i.e., the bankruptcy court or the district court acting in its trial capacity). *See* Fed. R. Bankr. P. 7062. Thus, when the Bonding Companies posted their supersedeas bond and secured a stay pending appeal from the bankruptcy court, they did so under Fed. R. Bankr. P. 7062.

The rules governing appeals to and from intermediate tribunals (i.e., the BAP or the district court acting in its appellate capacity) are contained in Part VIII of the Bankruptcy Rules. Bankruptcy Rule 8005 governs stays pending appeal *to* an intermediate appellate tribunal. Like Fed. R. App. P. 8, relating to stays pending appeal to a circuit court, Bankruptcy Rule 8005 contemplates that the trial court will be the primary court to stay a matter pending appeal. Bankruptcy Rule 8005 expressly recognizes the trial court's power to enter a stay pursuant to Bankruptcy Rule 7062, and it gives the intermediate appellate tribunal power to enter a stay or to terminate or modify one entered by the bankruptcy court.

Stays pending appeal *from* an intermediate appellate tribunal are governed by Bankruptcy Rule 8017. It provides that the judgment of the intermediate appellate tribunal shall automatically be stayed for ten days after entry, unless otherwise ordered by the court. Fed. R. Bankr. P. 8017(a). This gives a party time in which to decide whether to pursue an appeal, akin to Fed. R. Civ. P. 62(a), which automatically stays enforcement of district court judgments in civil cases for ten days, and Fed. R. App. P. 41(a), which provides that the mandate of the circuit court shall not issue for a certain period of time. *See* Fed. R. Bankr. P. 8017 advisory committee's note. Bankruptcy Rule 8017(b) empowers the intermediate appellate tribunal to enter a further stay of its judgment pending

-6-

appeal to a higher court. The advisory committee note explains that subdivision (b) gives the district courts and the BAPs the same authority that Fed. R. App. P. 41(b) gives the circuit courts to stay their judgments pending appeal, thereby indicating that the stay provisions of Bankruptcy Rule 8017(b) are modeled after those governing circuit courts, rather than those governing district courts.

Indeed, the rules governing the BAP's issuance of the mandate and entry of a stay pending further appeal parallel those governing similar acts of a circuit court. The Tenth Circuit's BAP must issue its mandate seven days after the expiration of the time for filing a motion for rehearing. 10th Cir. BAP L.R. 8016-3(a). [1] A party has ten days from the entry of judgment to file a motion for rehearing, *see* Fed. R. Bankr. P. 8015, so if no petition for rehearing is filed, the BAP's mandate must issue seventeen days after entry of judgment. "Issuance of the mandate formally marks the end of appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate . . . ." *Johnson v. Bechtel Assocs. Professional Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986). A party has thirty days in which to file a notice of appeal to the circuit court, however. *See* Fed. R. App. P. 4(a)(1) and 6(b)(1). Therefore,

_____

[1] The Bankruptcy Rules do not specifically address the issuance of the BAP's mandate. Therefore, the subject is governed by local rule. *See* Fed. R. Bankr. P. 8018(b).

unless the party obtains a stay of the BAP's mandate, the mandate could issue and the bankruptcy court could act on it before the party has an opportunity to file a timely appeal. [2] Bankruptcy Rule 8017(b) permits a party to obtain a stay of the BAP's judgment pending appeal to the circuit court, but it limits the length of the stay, unless a timely appeal is filed during the pendency of the stay. If the BAP refuses to enter a stay, the party may seek a stay from the circuit court pursuant to Bankruptcy Rule 8017(c) and Fed. R. App. P. 8.

Similarly, a circuit court must issue its mandate seven days after the time to file a petition for rehearing has expired or within seven days after a timely petition for rehearing is denied. *See* Fed. R. App. P. 41(b). Therefore, if no petition for rehearing is filed, the court's mandate must issue either twenty-one or fifty-two days after entry of judgment, depending on whether the U.S. is a party in the case. *See* Fed. R. App. P. 40(a)(1) and 41(b). A party has ninety days from the entry of judgment to file a petition for certiorari, *see* Sup. Ct. R. 13, so unless the party obtains a stay of the circuit court's mandate, the mandate could issue and the lower court could act on it before the party has an opportunity to file a timely petition for certiorari. A party may move for a stay

---

[2]     Of course, if the mandate required the bankruptcy court to take further significant proceedings in the case, the BAP's judgment would not be appealable to the circuit court anyway. *See, e.g., Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 937 (10th Cir. 1992).

of the circuit court's mandate pending the filing of a petition for certiorari to the Supreme Court under Fed. R. App. P. 41(d)(2). As in Bankruptcy Rule 8017(b), the length of the stay is limited unless the party files a timely petition for certiorari during the pendency of the stay. *See* Fed. R. App. P. 41(d)(2). If the circuit court refuses to enter a stay, the party may seek a stay from the Supreme Court. *See, e.g., John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1310 (Marshall, Circuit Justice 1989) (granting Solicitor General's motion to recall and stay Second Circuit's mandate and to stay order of district court enforcing that mandate pending certiorari); *Cities Serv. Gas Co. v. Mobil Oil Corp.*, 486 U.S. 1051, 1051 (1988) (granting application to recall and stay Tenth Circuit's mandate pending Court's action on petition for certiorari).

Thus, both sets of rules create a gap between the time the court's mandate must issue and the time the party must seek redress from a higher court, and both sets of rules permit a party to obtain a stay pending appeal to a higher court. Both sets of rules are silent, however, as to what happens if the party does not seek the stay until the gap period. Cases addressing a party's attempt to secure a stay from a circuit court after it has issued its mandate establish that the circuit court must first recall its mandate before it can enter the stay. *See, e.g., United States v. Holland*, 1 F.3d 454, 455 (7th Cir. 1993) (Ripple, J.) (holding that party who sought stay after mandate had issued first had to show that mandate ought to be

recalled and then had to show that recalled mandate should be stayed);     *Faulkner v. Jones*, 66 F.3d 661, 662 (4th Cir. 1995) (denying motion to recall and stay mandate).  The parties have not cited any cases addressing a party's attempt to obtain a stay from the BAP after it has issued its mandate, and our research has revealed none.  Nonetheless, the parallelism between the rules relating to the two courts counsels that the BAP also must recall its mandate before it can issue a stay.

The Bonding Companies contend that the BAP did not need to recall its mandate before entering a stay because (1) Bankruptcy Rule 8017(b) does not contain a time limit in which a stay motion must be filed; and (2) courts retain the power to grant injunctive relief to maintain the status quo during the pendency of an appeal.  We are not persuaded by either of these arguments.  As to the first, although Bankruptcy Rule 8017(b) does not provide a time limit within which a party must seek a stay pending appeal, the same is true of Fed. R. App. P. 41, on which Rule 8017(b) is based.  Nonetheless, as we discussed above, when a party seeks a stay under Fed. R. App. P. 41 after the circuit court has already issued its mandate, the circuit court must recall its mandate before it can grant the stay.  As to the second argument, even if we assume the BAP has the same power as a circuit court to enter orders necessary to preserve the status quo pending appeal to a higher court, that power simply provides the authority for the BAP (or circuit

-10-

court) to recall its mandate once issued. *See Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324 (Rehnquist, Circuit Justice 1983) (concluding that because "a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal," circuit court had authority to recall its mandate and stay proceedings pending further clarification even after appeal filed with Supreme Court). Recalling the mandate is still a prerequisite to entering a stay.

We conclude that the BAP, like a circuit court, must possess the mandate before it can act. Therefore, the BAP properly concluded that it had to recall its mandate before it could issue a stay pending appeal to this court. The Bonding Companies do not challenge the BAP's determination that the circumstances of this case did not warrant recalling its mandate. The only issue still before us, then, is whether to grant a stay pending appeal pursuant to Fed. R. App. P. 8. We have already entered a temporary stay until further order of the court, and we are now prepared to rule on the merits of the appeal, below. Therefore, no further stay is necessary, and the motion for stay pending appeal is moot.

The Merits

The Bonding Companies raise six challenges to the bankruptcy court's judgment. They assert that the payments at issue were not avoidable as preferential transfers under 11 U.S.C. § 547(b) because the trustee failed to prove: (1) that the transfers were of an interest of the debtor in property; (2) that the transfers were for or on account of an antecedent debt owed by the debtor before the transfers were made; (3) that the transfers were made while the debtor was insolvent; or (4) that the transfers made more than ninety days but less than one year before the filing of the bankruptcy petition benefitted an insider creditor. The Bonding Companies further argue that, even if the transfers were avoidable under § 547(b), they had a defense to avoidability under § 547(c)(1) and (c)(4), because the transfers were contemporaneous exchanges for new value and they were exceeded by subsequent advances of new value.

The BAP considered and rejected each of these arguments in a detailed and well-reasoned opinion. Based upon our review of the record, the parties' briefs, and our independent research, we conclude the BAP properly rejected the Bonding Companies' arguments. Therefore, we affirm the judgment of the bankruptcy court for substantially the same reasons set forth by the BAP in its opinion in *Payne v. Clarendon National Insurance Co. (In re Sunset Sales, Inc.)*, 220 B.R. 1005 (B.A.P. 10th Cir. 1998).

The judgment of the Tenth Circuit Bankruptcy Appellate Panel is AFFIRMED, and appellants' Application for Stay of Judgment Pending Appeal is DENIED as moot.