**In re Thomas FROSS and Melinda S. Fross, Debtors.**

**Thomas Fross and Melinda S. Fross, Appellants,**

v.

**MJPB, Inc., Appellee.**

**BAP No. KS–00–028. Bankruptcy No. 94–21906.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 24, 2001.

**27**

Before McFEELEY, Chief Judge, CLARK, and MICHAEL, Bankruptcy Judges.

ORDER GRANTING MOTION TO STAY MANDATE AND MOTION FOR STAY PENDING APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

PER CURIAM.

The matter before the Court is the Motion to Stay Mandate and Motion for Stay Pending Appeal ("Motion"), filed by the Appellants, Thomas and Melinda Fross ("Debtors"). The Appellee, MJPB, Inc. ("MJPB"), does not oppose the portion of the Motion seeking a stay pending appeal, and it has not responded to the portion of the Motion seeking a stay of the mandate. For the reasons set forth below, the Motion is GRANTED.

**BACKGROUND**

In *In re Fross*, BAP No. KS–98–030, 1999 WL 26886 (10th Cir. BAP January 5, 1999) ("*Fross I* "), this Court reversed an interlocutory order of the United States Bankruptcy Court for the District of Kansas overruling MJPB's objection to the confirmation of the Debtor's proposed Chapter 11 plan. It was determined that the plan as proposed could not be confirmed because it violated the absolute priority rule set forth in 11 U.S.C. § 1129(b)(1)(B)(ii) inasmuch as the Debtors were to retain their home without fully paying MJPB's second mortgage claim.

Subsequently, the bankruptcy court entered an order dismissing the Debtors'

Chapter 11 case ("Dismissal Order"), concluding that the Debtors were unable to formulate a confirmable plan within the requirements set forth in *Fross I*. The Debtors appealed the bankruptcy court's final Dismissal Order to this Court. The bankruptcy court issued an order staying its Dismissal Order pending the Debtors' appeal. The bankruptcy court's stay order requires the Debtors to provide MJPB proof of insurance on their home and to continue to make payments to the creditor holding the first mortgage on the home.

On December 22, 2000, this Court affirmed the Dismissal Order. *In re Fross*, BAP No. KS–00–028, 2000 WL 1902000 (10th Cir. BAP December 22, 2000) ("*Fross II* "). On January 5, 2001, before this Court issued its mandate in *Fross II*, see 10th Cir. BAP L.R. 8016–3(a), and after the stay pursuant to Federal Rule of Bankruptcy Procedure 8017(a) had expired, the Debtors filed by facsimile a notice of appeal, appealing the Order and Judgment in *Fross II* to the United States Court of Appeals for the Tenth Circuit, and the instant Motion, seeking a stay of the mandate and a stay pending the Tenth Circuit appeal. We received originals of the notice of appeal and the Motion, along with the appropriate filing fee, on January 8, 2001. MJPB informed us by letter dated January 11, 2001, that it does not object to the continuation of the stay issued by the bankruptcy court. It says nothing of the Debtors' request for a stay of the mandate.

**DISCUSSION**

**A. This Court has Jurisdiction Over the Debtor's Motion**

While MJPB's lack of opposition to the continuation of the stay pending appeal obviates the need for this Court to determine whether such a stay is appropriate, we must first determine whether we have jurisdiction to continue the stay and to consider the portion of the Motion seeking a stay of the mandate. *Bender v.*

*Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (federal appellate court must satisfy itself that it has jurisdiction even if parties concede it). In *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 222 B.R. 914, 916 n. 1 (10th Cir. BAP 1998), *aff'd*, 195 F.3d 568 (10th Cir.1999), we held that the Court could consider a motion for stay pending appeal prior to the filing of a notice of appeal to the Tenth Circuit, but noted that the issue in this case, whether a motion for stay filed simultaneously with or after the filing of a notice of appeal, had not been addressed and was the subject of some controversy. We now resolve this issue, concluding that we have jurisdiction.

The Debtors have requested that we stay the issuance of the mandate, *see* 10th Cir. BAP L.R. 8016–3(a), and stay our Order and Judgment in *Fross II* pending their appeal to the Tenth Circuit. A motion to stay the mandate pending appeal is governed by 10th Cir. BAP L.R. 8016–3(b), which provides:

> A party who files a motion requesting a stay of mandate pending appeal to the United States Court of Appeals for the Tenth Circuit must file, at the same time, proof of service on all other parties. The motion must show that the appeal presents a substantial question and that there is good cause for a stay. The stay cannot exceed 30 days unless the period is extended for cause shown or unless a notice of appeal is filed during the period of the stay, in which case the stay will continue until final disposition by the Court of Appeals.

10th Cir. BAP L.R. 8016–3(b). A motion to stay a judgment of this Court pending appeal is governed by Federal Rule of Bankruptcy Procedure 8017(b), which provides:

> On motion and notice to the parties to the appeal, the ... bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the ...

bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment.

Fed. R. Bankr.P. 8017(b). While these Rules anticipate motions to stay issuance of the mandate or to stay a judgment pending appeal filed prior to the filing of a notice of appeal, *see Sunset Sales*, 222 B.R. at 916 n. 1, neither expressly authorizes us to consider such motions after the notice of appeal has been filed.

The majority of courts that have addressed whether a bankruptcy appellate panel or the district court, sitting as an appellate court in bankruptcy, may consider a motion for stay pending appeal have held that jurisdiction exists despite the fact that a notice of appeal has been filed. *See, e.g., In re Miranne*, 852 F.2d 805, 806 (5th Cir.1988) (per curiam); *In re Imperial Real Estate Corp.*, 234 B.R. 760 (9th Cir. BAP 1999); *In re KAR Development Assocs.*, 182 B.R. 870, 872 (D.Kan.1995); *In re Winslow*, 123 B.R. 647, 647–48 n. 1 (D.Colo.1991). *But see In re One Westminister Co.*, 74 B.R. 37, 38 (D.Del.1987). These cases would seem to apply equally in the context of a motion for stay of the mandate inasmuch as 10th Cir. BAP L.R. 8016–3(b) is very similar to Federal Rule of Bankruptcy Procedure 8017(b). For the reasons stated herein, we adopt the rule in the majority line of cases, holding that the Court has jurisdiction over motions to stay the mandate and motions for stay pending appeal filed simultaneously with or after the filing of a notice of appeal, provided the Court has not issued a mandate in the case. *See Sunset Sales*, 195 F.3d at 570 (Court may not consider stay motion after issuance of the mandate).

Our ruling is in accord with general principles related to post-judgment jurisdiction. Although a notice of appeal divests the lower court of jurisdiction over a case, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the Tenth Circuit has held in a non-bankruptcy case that lower courts retain jurisdiction after the filing of a notice of appeal "over tangential matters [and] . . . 'certain ministerial functions in aid of the appeal, such as . . . issuing stays or injunctions pending appeal.'" *Stewart v. Donges*, 915 F.2d 572, 575 n. 3 (10th Cir.1990) (quoting 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, *Federal Practice and Procedure* § 3949 at 359 (1977)); *see Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983) (Rehnquist, Circuit Justice) (a notice of appeal did not prevent a lower court from recalling its mandate because "it is well settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal . . . ."), *quoted in Sunset Sales*, 195 F.3d at 573; *see also Howard v. Mail–Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir.1998) (per curiam) (an "appeal does not divest the district court of jurisdiction over peripheral, collateral matters such as attorneys' fees."). This principle is sound in light of the fact that staying the mandate or staying the effect of an order appealed does not affect the relief afforded by or the rationale of the order appealed and, therefore, does not interfere with the Tenth Circuit's review of the order appealed. *See Griggs*, 459 U.S. at 58, 103 S.Ct. 400.

Furthermore, jurisdiction over the Motion best promotes consistent application of various applicable rules of procedure.

Federal Rule of Bankruptcy Procedure 8017(b) authorizes this Court to issue stays pending appeal to the Tenth Circuit. 10th Cir. BAP L.R. 8016–3(b) authorizes us to stay the issuance of our mandate so as not to transfer jurisdiction of the case to the bankruptcy court. Federal Rule of Appellate Procedure 8(a) requires that the Debtors seek a stay pending appeal from the district court, or presumably this Court, in the first instance. While it is clear that we do not have jurisdiction to consider a stay motion after our mandate has issued, *Sunset Sales*, 195 F.3d at 568, to hold that jurisdiction does not exist over a stay motion after the filing of a notice of appeal, but before the issuance of the mandate, would unduly undermine Federal Rule of Bankruptcy Procedure 8017(b), 10th Cir. BAP L.R. 8016–3(b) and Federal Rule of Appellate Procedure 8(a). *See Miranne*, 852 F.2d at 806.

Because we have jurisdiction to enter an order staying our Order and Judgment pending the Debtors' appeal to the Tenth Circuit, we will do so given the fact that this relief is unopposed.[1] MJPB has not, however, responded to the portion of the Debtors' Motion related to a stay of the mandate. Thus, we will now consider the merits of that request.

## B. The Motion for Stay of Mandate is Granted

The Debtors request that this Court stay the issuance of the mandate, presumably indefinitely. During the pendency of the Motion, the mandate has been stayed. Under 10th Cir. BAP L.R. 8016–3(a), we typically would have issued the mandate on January 8, 2001, but we have

---

1. In *Fross II* we stated that the issue before the Tenth Circuit of whether the Debtors' retention of their homestead in absence of full payment to MJPB violates the absolute priority rule is a subject upon which "reasonable minds may differ . . . ." *Fross II*, 2000 WL 1902000 at *3, . This important issue, which is "ripe for litigation and deserving of more

deliberate investigation," coupled with the Debtors' satisfaction of the other factors needed to obtain a stay pending appeal, would have merited this Court granting a stay pending appeal had it been opposed by MJPB. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir.1996) (Kelly, Judge in Chambers).

not done so in light of the pending Motion. *See* Fed. R.App. P. 41(d)(1).

We conclude that the mandate should be stayed pending appeal because the requirements of 10th Cir. BAP L.R. 8016–3(b) have been met. As we recognized in *Fross II*, the question at issue in the appeal to the Tenth Circuit is substantial. In addition, in light of the stay of our Order and Judgment pending appeal, there is good cause to stay the issuance of the mandate.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that:

(1) The portion of the Motion seeking a stay of this Court's Order and Judgment is GRANTED, and such Order and Judgment shall be stayed pending appeal;

(2) The stay stated in (1) above is conditioned upon the following:

 (a) The Debtors shall maintain insurance on their home and provide proof of such insurance to MJPB, and

 (b) The Debtors shall continue to make payments to the first mortgage holder on their home; and

(3) The portion of the Motion requesting a stay of the mandate is GRANTED, and the mandate shall be stayed pending appeal.