FILED
United States Court of Appeals
Tenth Circuit

January 8, 2026

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

KANDRA AMBOH,

     Plaintiff - Appellant,

v.

NICHOLAS HANEY; JEFFRY
ROSS; ERIN RAWLINGS,

     Defendants - Appellees.

No. 25-4095
(Case No. 2:24-CV-00868-RJS)
(D.C. Utah)

_____

ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

This case arose out of proceedings in Utah state court, where

Mr. Nicholas Haney petitioned for

- a decree to get sole custody of his minor children and

- an order of protection for these children against Ms. Kandra
Amboh.

---

[*]    The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Haney obtained custody and a protection order for the children against Ms. Amboh, who responded by seeking return of the children through a federal habeas petition. In federal district court, a magistrate judge recommended dismissal of the habeas petition for lack of jurisdiction; and Ms. Amboh did not object. The district judge adopted the recommendation and dismissed the case.[1]

**The underlying appeal.** Ms. Amboh appeals the dismissal, arguing that the federal district court should have required the state court to order return of her children. In this appeal, however, Ms. Amboh raises arguments that are procedurally improper based on the firm-waiver rule and forfeiture.

The firm-waiver rule prevents a party from obtaining appellate review after failing to object to a magistrate judge's recommendation. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). For the firm-waiver rule, two exceptions exist. The first is when the district court fails to tell a pro se litigant what the deadline is for an objection or what the consequences are for a failure to object; the second is when appellate review is required in the interests of justice. *Id.*

---

[1] Ms. Amboh unsuccessfully moved for reconsideration.

The first objection doesn't apply because the district court told Ms. Amboh what the deadline was and what the consequences would be if she failed to timely object.

Nor does the second exception apply. For this exception, we consider "factors such as 'a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised.'" *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (quoting *Morales–Fernandez,* 418 F.3d at 1120). Ms. Amboh has not explained her failure to object or said why the issues are important enough to satisfy the exception under the firm-waiver rule.

Apart from the firm-waiver rule, however, Ms. Amboh has raised entirely new arguments that she didn't present to either the magistrate judge or district judge. To the magistrate judge, Ms. Amboh argued that the state court shouldn't have given custody to her husband. The magistrate judge concluded that the federal district court lacked jurisdiction to consider this argument under the *Rooker-Feldman* doctrine. This "doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (footnote omitted).

On appeal, Ms. Amboh jettisons her prior reliance on the *Rooker-Feldman* doctrine. She instead invokes 25 U.S.C. § 1914, which addresses

the availability of a court action involving termination of parental rights or placement of Indian children in foster care. But Ms. Amboh did not invoke § 1914 in federal district court. She thus forfeited this argument. *Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1259–60 (10th Cir. 2018).

In a reply brief, Ms. Amboh invokes another federal statute: 25 U.S.C. § 1922. But she didn't raise § 1922 either in district court or in the opening brief; the reply brief was too late to raise a new argument. *Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1236 n.2 (10th Cir. 2016).

Given the forfeiture and applicability of the firm-waiver rule, we affirm the dismissal.

**Other filings.** Ms. Amboh has also moved for a preliminary injunction, to enter appropriate remedies involving a state-court order on a false charge of stalking, and an order compelling the tribal court to order discovery.

A motion for preliminary injunction must be filed in district court, not here. Fed. R. Civ. P. 65(a). An appellant can seek a stay pending appeal in our court, but the stay would be moot with the filing today of our judgment. *See In re Sunset Sales, Inc.*, 195 F.3d 568, 573 (10th Cir. 1999) (stating that a stay pending appeal became moot with our decision on the merits of the appeal).

4

Ms. Amboh has also requested discovery in tribal court and to address a false charge of stalking. But before we can address these requests, we must have power to act. (We call this power *jurisdiction*.) We lack power (jurisdiction) over these requests because Ms. Amboh has not identified any pertinent rulings in federal district court. *See Anderson v. Colo.*, 793 F.2d 262, 264 (10th Cir. 1987).[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2]    A claimant must sometimes exhaust the claim by presenting it first in tribal court or state court. Because we lack jurisdiction, we don't express any opinion on whether Ms. Amboh would need to exhaust her new claims before going to federal district court.